IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTAR BAILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 1:20-CV-_____ |
| | ) |
| HILL PHOENIX, INC., and | ) |
| (a/k/a DOVER CORPORATION), | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff, Antar Bailey, by his undersigned counsel, and pleads as follows.

### I. PRELIMINARY STATEMENT

1. This an action is by an employee against his employers under Title VII of the Civil Rights Act , 42 U.S.C. §§ 2000e et seq. ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA"), alleging race and age discrimination in the terms and conditions of employment.

### II. THE PARTIES

2. Plaintiff is a current employee of Defendant who has been employed since January 7, 2019 in the title of Director of Financial Planning and

Analysis.

3. Defendant Hill Phoenix, Inc., is a Foreign Profit Corporation business in Georgia, and is engaged in the business of retail refrigeration, manufacturing products and providing services for retail and industrial refrigeration customers across the world, as well as commercial refrigeration systems, display cases, lighting, and other equipment and components, including consumable supplies, aftermarket parts, software and digital solutions.

## III. **JURISDICTION AND VENUE**

4. The federal question jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

5. All administrative pre-requisites have been met, a Notice of Right to Sue having been issues by the Equal Employment Opportunity Commission and this suit being timely filed.

6. Plaintiff is a resident of the State of Georgia, and domiciled within the Northern District of Georgia, and submits to the jurisdiction of this Court by filing suit.

7. Defendant are present and doing business in the State of Georgia sufficient to create both general and specific in personam jurisdiction.

8. The Summons and Complaint in this matter may be served upon Defendant LBW by serving their registered agent, CT Corporation 289 S Culver St, Lawrenceville, GA, 30046-4805.

9. The Summons and Complaint in this matter may be served upon Defendant by way of its registered agent, namely Corporaiton [sic] Service Company ,40 Technology Pkwy South, #300, Norcross, Ga, 30092.

10. All of the acts and omissions complained of herein occurred within the Northern District of Georgia.

11. Venue is proper in the United States District Court for the Northern District of Georgia.

## IV.  FACTUAL ALLEGATIONS

12. Plaintiff, who is over 40 years of age and is African-American, works under a supervisor, Mr. Andrew Hudgens.

13. Mr. Hudgens, who is younger than Plaintiff and White/Caucasian is Defendant's Chief Financial Officer and Vice President.

14. Since on or about July 2019 and after, Mr. Hudgens made disparaging comments about Plaintiff's age.

15. Mr. Hudgens stated to Plaintiff that he wanted to hire younger people

because they were faster and smarter.

16. At staff meetings held by Mr. Hudgens, he demanded of the various directors that they hire younger people in their respective departments.

17. The express ageism became so severe that Ms. Jolene O'Brien-Paver, Defendant's Vice President for Human Resources, actually warned Mr. Hudgens to be careful about hiring only younger employees.

18. Conversely, Mr. Hudgens actively seeks to eliminate employees who are older.

19. The openly stated preference for younger employees creates a hostile work environment which adversely affects the terms and conditions of employment inasmuch as an older employee, like Plaintiff, is constantly reminded by his boss that he is too old and is unwanted.

20. Mr. Hudgens has persistently indicated his desire that Plaintiff leave and has recently placed Plaintiff on a Performance Improvement Plan ("PIP"). There were no factual bases, or reasons given for the PIP.

21. Both the prior and most recent Human Resource Directors confided in Plaintiff that there was no justification for the PIP.

22. Plaintiff has also been discriminated against on the basis of race.

23. Plaintiff has been paid less than comparable White employee, who are

performing the same duties as Plaintiff.

24. Mr. Hudgens is surrounded by coterie of young white directors who regularly engaged in social activities (pre-COVID) and to which Plaintiff and other African-American employees were excluded.

25. This exclusion and reduced pay constitutes both disparate treatment and a hostile work environment.

26. After Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on or about January 15, 2020, outlining the above-stated grievances, he was subjected to retaliation.

27. Almost immediately thereafter, Plaintiff received a rating for an annual review that was objectively inaccurate.

28. Defendant presented Plaintiff with an overall rating of "1" (the lowest) which is a precursor to termination.

29. Defendant's then Human Resources Director confirmed to Plaintiff that this rating was made arbitrarily and improperly despite no prior advisory, caution, write-up or adverse critique of any kind to base it on.

30. The factually unsubstantiated allegations of deficiency as well as Defendant's recent decision to place Plaintiff on permanent PIP have been motivated by Plaintiff's protected activity in filing an EEOC

Charge.

## COUNT I

## DISPARATE TREATMENT IN VIOLATION OF THE ADEA

31. Plaintiff restates paragraphs 1 through 21 as if fully set forth here.

32. Defendant engaged in invidious intentional discrimination on the basis of age in violation of the ADEA.

## COUNT II

## DISPARATE TREATMENT IN VIOLATION OF TITLE VII

33. Plaintiff restates paragraphs 1 through 30 as if fully set forth here.

34. Defendant engaged in invidious intentional discrimination on the basis of age in violation of Title VII.

## COUNT III

## HOSTILE WORK ENVIRONMENT ON ACCOUNT OF AGE IN VIOLATION OF THE ADEA

35. Plaintiff restates paragraphs 1 through 21 as if fully set forth here.

36. Defendant, by its conduct, created a hostile work environment on the basis of age in violation of the ADEA.

## COUNT IV

## HOSTILE WORK ENVIRONMENT ON ACCOUNT OF RACE IN VIOLATION OF TITLE VII

37. Plaintiff restates paragraphs 1 through 30 as if fully set forth here.

38. Defendant created a hostile work environment on the basis of race in violation of Title VII

## COUNT V

## RETALIATION IN VIOLATION OF TITLE VII AND THE ADEA

39. Plaintiff restates paragraphs 1 through 30 as if fully set forth here.

40. Defendant has retaliated against Plaintiff through objectively unsupported attacks on his performance in violation of the anti-retaliation provisions of both Title VII and the ADEA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays;

a) That the Court enter judgment against Defendant and for Plaintiff.

b) That the Court enter judgment against Defendant for Plaintiff's expenses of litigation incurred in this matter, including reasonable attorneys' fees;

c) That the Court award compensatory and punitive damages;

d) That the Court grant Plaintiff a trial by jury; and

e) That the Court grant Plaintiff such other and further relief as it deems just and proper.

This \_\_\_ day of October 2020.

_____
**John D. Wales, Esq.**
Georgia Bar No. 730785
Law Office of John D. Wales
600 Village Trace, Suite 175
Marietta, Georgia 30067
Tel. (770) 850-2545
Fax (770) 850-2548
**johndwales@aol.com**

Attorney for Plaintiff